| | |
|---|---|
| Shaneeda Jaffer (SBN 253449)<br>sjaffer@beneschlaw.com<br>Lily A. North (CA 260709)<br>lnorth@beneschlaw.com<br>BENESCH FRIEDLANDER COPLAN &<br>ARONOFF LLP<br>100 Pine Street, Suite 3100<br>San Francisco, California<br>Telephone: (628) 600-2250<br>Facsimile: (628) 221-5828<br><br>*Counsel for Plaintiff Epic Games, Inc.* | Victoria F. Maroulis (SBN 202603)<br>victoriamaroulis@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*<br><br>Meredith R. Dearborn (SBN 268312)<br>mdearborn@paulweiss.com<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>535 Mission Street, 24th Floor<br>San Francisco, California<br>Telephone: (202) 223-7323<br>Facsimile (202) 330-5908<br><br>*Counsel for Defendant Google LLC*<br><br>*Additional Counsel Listed Below* |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.; and GOOGLE LLC,<br><br>              Defendants. | Case No. 3:24-cv-06843-JD<br><br>**JOINT ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11**<br><br>Judge: Hon. James Donato<br>Action Filed: September 30, 2024 |

Pursuant to Local Rule 7-11, Plaintiff Epic Games, Inc. ("Epic"), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), and Defendant Google LLC ("Google," and together with Samsung, "Defendants") file this joint administrative motion requesting the Court to schedule the initial Case Management Conference ("CMC"), Rule 26(f) conference, and related deadlines.

## I.     EPIC'S POSITION

In accordance with Rules 26(f) and 16(b), Epic sought to confer with Defendants by December 9, 2024.[1] Defendants refused, claiming the initial CMC should be delayed until Defendants respond to Epic's Complaint on January 21, 2025 and that discovery should be further stayed pending resolution of their anticipated motions to dismiss. This delay is unwarranted and prejudicial to Epic. Epic seeks an order confirming the deadlines set by the Federal Rules; specifically: (i) Defendants must confer with Epic pursuant to Rule 26(f) by **December 9, 2024**; (ii) the Parties must file a discovery plan by **December 23, 2024**; and (iii) setting an initial CMC at the Court's earliest convenience.[2]

When Google sought to delay discovery in the *Epic v. Google* litigation, the Court held that discovery should not be stayed except in "extraordinary circumstances".[3] No such circumstances exist here. Defendants have had Epic's Complaint—which details Defendants' anticompetitive

---

[1] Because no Scheduling Order has been entered, the Parties must confer at least 21 days before such Order is due. Fed. R. Civ. P. 26(f)(1). The deadline to issue a Scheduling Order is 60 days after any defendant's appearance. Fed. R. Civ. P. 16(b). Google appeared in the case on October 29, 2024 (Dkt. 25), so a Scheduling Order is due by December 30, 2024. Fed. R. Civ. P. 16(b)(2). The Parties must confer 21 days before that Order is due, *i.e.*, by December 9, 2024. Fed. R. Civ. P. 26(f)(1). Nothing in the Court's October 1, 2024 order (Dkt. 19) or the October 5, 2024 stipulation (Dkt. 23) altered the Parties' obligations under these rules.

[2] Epic repeatedly pleaded with Defendants to file this joint statement no later than December 4, 2024, to allow the Court time to rule before December 9, 2024. Epic proposed an initial exchange of drafts on December 3, 2024 at 2pm PT, to no avail. Samsung agreed to exchange at 10:15am PT on December 4, but Google failed to meet that deadline, citing the "time difference". Epic then proposed another exchange at 4pm PT. Samsung asked until 8pm PT. Epic agreed. When the Parties exchanged drafts at 8pm PT, Google stated that it would not be able to get sign off to file because it was "past close of business" in California. Epic sought, and still seeks, to resolve this so that the Parties can get a discovery plan done before the holidays.

[3] *See* 10.08.2020 Hearing Tr. 11:15-17 (3:20-cv-05671-JD; Dkt. 69) ("Except in extraordinary circumstances, . . . I do not stay discovery pending a motion to dismiss.").

1  conduct, a continuation of their longstanding and well-documented anticompetitive arrangements—
2  for over two months, more than enough time to evaluate it and determine an initial litigation strategy.
3  Defendants' assertion that they will file motions to dismiss is hardly extraordinary. If discovery
4  were stayed every time a defendant made that assertion, stays would be the rule rather than an
5  exception. That is not the law. *See In re Valence Tech. Sec. Litig.*, 1994 WL 758688, at *3 (N.D.
6  Cal. Nov. 18, 1994) (denying stay of discovery where defendant relied "solely on the possible
7  success of his upcoming motion to dismiss"). Defendants' assertion that the Court needs the benefit
8  of yet-to-be filed motions to dismiss to evaluate a yet to-be-filed motion to stay discovery is not a
9  reason to delay a Rule 26(f) conference. This Court can evaluate the motions once they have been
10 filed. Finally, Samsung's argument that proceeding with discovery is inconsistent with the Parties'
11 October 5, 2024 stipulation (Dkt. 23) is incorrect. As Samsung concedes, the text of the stipulation
12 did not alter the Parties' obligations under Rule 26(f) and the Parties never discussed discovery
13 when negotiating the stipulation. It would therefore be both unwarranted and prejudicial to delay
14 discovery on that account.

## II.    DEFENDANTS' POSITION

Upon reassignment from Magistrate Judge Spero, the Court vacated the previously set January 8, 2025 initial CMC, ordering that "Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly." ECF No. 19. The Court has not set a date for an initial CMC; therefore no dates are set for the Rule 16 and 26 related deadlines. Plaintiff's position therefore conflicts with the Court's order, which is what Defendants conveyed to Plaintiff when it sought to confer under Rule 26(f) and why Defendants proposed seeking the Court's guidance.[4] Defendants respectfully request that the Court schedule the initial CMC for a date after the deadline for Defendants to respond to the Complaint, i.e., January 21, 2025. Defendants each intend to file a dispositive motion on or before that day.

---

[4] Epic's complaints about alleged delay with respect to its arbitrary and unilateral deadlines are unfounded. Defendants have been working expeditiously with clients in Asia and across various time zones to agree to language in a joint position statement. Further, Epic agreed to a deadline of filing this joint statement by 12pm noon PT on December 5.

*First*, Epic's position ignores the Court's order vacating the initial CMC date and deadlines at issue; in that order, the Court stated, "The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly." ECF No. 19. Civil Local Rule 3-12(g) is in accord. Rule 26(f) provides that, "[e]xcept . . . **when the court orders otherwise**, the parties must confer as soon as practicable." The Court has ordered otherwise.

*Second*, Samsung and Epic reached an agreement whereby Samsung accepted service for Defendant Samsung Electronics Co., Ltd., a Korean entity. Epic thereby avoided onerous international service channels and requirements. In exchange, the parties agreed that Samsung had until January 21, 2025, to respond to the Complaint. Samsung's accommodation prevented a much longer delay, and the parties' agreement makes little sense if Samsung is forced to respond to Epic's discovery requests in the interim. Samsung should be entitled to the benefit of its bargain.

*Third*, Epic's request to force the parties to confer in four days and file a joint discovery report the day before Christmas Eve is an improper effort to prematurely start discovery and makes little sense when the Defendants' responses to the Complaint are not due until a month later. Epic has identified no reason for its insistence. There is no unwarranted or prejudicial delay to Epic in scheduling the initial CMC just a matter of weeks after it was originally set when the case was filed.[5]

---

[5] Samsung intends to file a motion to stay discovery alongside its dispositive motion to dismiss. This further counsels in favor of scheduling the initial CMC and related deadlines for after those motions are filed. This case presents extraordinary circumstances; Epic's CEO admitted on the day the Complaint was filed that "he doesn't yet have proof that Google and Samsung colluded — he's hoping that comes out in the legal discovery process." Sean Hollister, Epic is suing Google — again — and now Samsung, too, *The Verge* (Sep. 30, 2024) https://tinyurl.com/mr3awf5c.

Dated: December 5, 2024

| | |
|---|---|
| /s/ Shaneeda Jaffer<br>Shaneeda Jaffer (SBN 253449)<br>sjaffer@beneschlaw.com<br>Lily A. North (CA 260709)<br>lnorth@beneschlaw.com<br>BENESCH FRIEDLANDER COPLAN & ARONOFF LLP<br>100 Pine Street, Suite 3100<br>San Francisco, California<br>Telephone: (628) 600-2250<br>Facsimile: (628) 221-5828<br><br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>Lauren A. Moskowitz (*pro hac vice*)<br>lmoskowitz@cravath.com<br>Michael J. Zaken (*pro hac vice*)<br>mzaken@cravath.com<br>CRAVATH, SWAINE & MOORE LLP<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, New York 10001<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>*Counsel for Plaintiff Epic Games, Inc.* | /s/ Victoria F. Maroulis<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Victoria F. Maroulis (SBN 202603)<br>victoriamaroulis@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone: (650) 801-5000<br><br>Adam B. Wolfson (SBN 262125)<br>adamwolfson@quinnemanuel.com<br>Kevin Y. Teruya (SBN 235916)<br>kevinteruya@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000<br><br>Debra D. Bernstein (*pro hac vice* forthcoming)<br>debrabernstein@quinnemanuel.com<br>1200 Abernathy Road NE, Building 600, Suite 1500<br>Atlanta, Georgia 30328<br>Telephone: (404) 482-3502<br><br>*Counsel for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>/s/ Jeannie S. Rhee<br>Jeannie S. Rhee (*pro hac vice*)<br>jrhee@paulweiss.com<br>Jessica E. Phillips (*pro hac vice*)<br>jphillips@paulweiss.com<br>Martha L. Goodman (*pro hac vice*)<br>mgoodman@paulweiss.com<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>Telephone: (202) 223-7300<br>Facsimile (202) 223-7420<br><br>Meredith R. Dearborn (SBN 268312)<br>mdearborn@paulweiss.com<br>535 Mission Street, 24th Floor<br>San Francisco, California<br>Telephone: (202) 223-7323<br>Facsimile (202) 330-5908<br><br>*Counsel for Defendant Google LLC* |