1  VICTORIA F. MAROULIS, SBN 202603
   victoriamaroulis@quinnemanuel.com
2  Quinn Emanuel Urquhart & Sullivan, LLP
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, CA 94065
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  ADAM B. WOLFSON, SBN 262125
   KEVIN Y. TERUYA, SBN 235916
6  adamwolfson@quinnemanuel.com
   kevinteruya@quinnemanuel.com
7  Quinn Emanuel Urquhart & Sullivan, LLP
   865 S. Figueroa St., 10th Floor
8  Los Angeles, CA 90017
   Telephone: (213) 443-3000
9  Facsimile: (213) 443-3100

10 DEBRA BERNSTEIN (*pro hac vice* pending)
   debrabernstein@quinnemanuel.com
11 Quinn Emanuel Urquhart & Sullivan, LLP
   1200 Abernathy Road NE, Building 600, Suite 1500
12 Atlanta, GA 30328
   Telephone: (404) 482-3502
13 Facsimile: (404) 681-8290

14 *Attorneys for Defendants Samsung Electronics*
   *Co., Ltd. and Samsung Electronics America, Inc.*
15

16                    **UNITED STATES DISTRICT COURT**
17
                      **NORTHERN DISTRICT OF CALIFORNIA**
18
                         **SAN FRANCISCO DIVISION**
19

20 EPIC GAMES, INC.,                          Case No. 3:24-cv-06843-JD

21                          Plaintiff,

22            v.                              **MOTION TO STAY DISCOVERY
                                             BY SAMSUNG PENDING
23                                           RESOLUTION OF THEIR MOTION
                                             TO DISMISS**
24 SAMSUNG ELECTRONICS CO., LTD.;
   SAMSUNG ELECTRONICS AMERICA,              Judge: Hon. James Donato
25 INC.; and GOOGLE LLC,
                                             Action Filed: September 30, 2024
26                          Defendants.

27

28

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on February 20, 2025, at 10:00 a.m., or as soon as the matter may be heard, before the Honorable James Donato of the United States District Court, Northern District of California at Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung") will and hereby do move—pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent case management authority—to stay discovery pending the resolution of Samsung's Motion to Dismiss Plaintiff Epic Games, Inc.'s Complaint (Dkt. 1) under Rule 12(b)(6) is resolved. This motion is based upon this notice of motion, the supporting memorandum of points and authorities, and such evidence as may be requested or permitted by the Court.

Dated: January 15, 2025     By: */s/ Victoria F. Maroulis*

VICTORIA F. MAROULIS, SBN 202603
victoriamaroulis@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

ADAM B. WOLFSON, SBN 262125
KEVIN Y. TERUYA, SBN 235916
adamwolfson@quinnemanuel.com
kevinteruya@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

DEBRA BERNSTEIN (*pro hac vice* pending)
debrabernstein@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
1200 Abernathy Road NE, Building 600, Suite 1500
Atlanta, GA 30328
Telephone: (404) 482-3502
Facsimile: (404) 681-8290

*Attorneys for Defendants Samsung Electronics Co., Ltd.*
*and Samsung Electronics America, Inc.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD ......................................................................................................... 2

ARGUMENT ...................................................................................................................... 3

    A.    The Two-Part Test Supports Staying Discovery Pending Samsung's Motion .......... 3

        1.    Samsung's Motion to Dismiss Is Potentially Case Dispositive ..................... 3

        2.    The Court Can Decide the Samsung's Motion to Dismiss Without Discovery .................................................................................................... 3

    B.    Good Cause and Equitable Considerations Also Strongly Support A Stay .............. 4

CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*,
    592 F.3d 991 (9th Cir. 2010) ................................................................................................ 2

*Arcell v. Google LLC*,
    2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) ................................................................... 3

*Braun v. Yahoo*,
    2018 WL 10809622 (N.D. Cal. Mar. 28, 2018) .................................................................. 2

*Crowder v. LinkedIn Corp.*,
    2023 WL 2405335 (N.D. Cal. Mar. 8, 2023) ..................................................................... 4

*In re Graphics Processing Units Antitrust Litig.*,
    2007 WL 2127577 (N.D. Cal. July 24, 2007) .................................................................... 4

*Hamilton v. Rhoads*,
    2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) .................................................................... 3

*Jacksonville Police Off. & Fire Fighters Health Ins. Trust v. Gilead Sci., Inc.*,
    2022 WL 17418970 (N.D. Cal. Dec. 5, 2022) ................................................................... 4

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988) .............................................................................................. 2

*In re Google Digit. Advert. Antitrust Litig.*,
    2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ..................................................................... 4

*In re Nexus 6p Products Liab. Litig.*,
    2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ............................................................... 3, 4

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
    2024 WL 1975478 (N.D. Cal. May 3, 2024) ..................................................................... 4

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
    2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ............................................................ 2, 3, 4

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) .............................................................................................. 4

*SSI (U.S.), Inc. v. Ferry*,
    2021 WL 4812952 (C.D. Cal. May 25, 2021) ................................................................... 3

*Top Rank, Inc. v. Haymon*,
    2015 WL 9952887 (C.D. Cal. Sept. 17, 2015) ............................................................5

*Yiren Huang v. Futurewei Techs., Inc.*,
    2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ............................................................3

## **Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................4

Federal Rule of Civil Procedure 26(c)(1) ............................................................2

1

**INTRODUCTION**

2   Samsung understands that it is rare for this Court to grant a motion to stay discovery, but the

3   instant matter warrants that uncommon treatment because Epic does not plausibly plead (because it

4   cannot) that Samsung conspired with Google.  Epic has *admitted* it has no evidence to support the

5   lynchpin of its claims, *i.e.*, that Samsung colluded with Google to implement the Auto Blocker

6   security upgrade.  The same day that Epic filed its complaint, *The Verge* published an interview

7   with Epic's CEO, Tim Sweeney, where he was quoted as admitting that "he doesn't yet have proof

8   that Google and Samsung colluded — he's hoping that comes out in the legal discovery

9   process."  Sean Hollister, *Epic is suing Google — again — and now Samsung, too*, THE VERGE

10  (Sept. 30, 2024), https://tinyurl.com/mr3awf5c.  Given Samsung's strong (and meritorious) Motion

11  to Dismiss and this public admission that Epic filed the lawsuit based entirely on speculation of

12  what it ***hopes*** to find, the Court should not permit Epic's fishing expedition until after the Court has

13  first determined whether Epic can even state a claim.

14  The gravamen of Epic's allegations is that Samsung agreed to aid Google's Play Store by

15  updating a security feature on Samsung phones called Auto Blocker.  This update defaulted Auto

16  Blocker to "on" for new phones purchased after the update.  But Epic ignores that users of these

17  new phones can turn Auto Blocker "off" during their phone's setup process.  And it ignores that

18  preexisting Samsung phone users—the *vast* majority of users—are unaffected by the update.  If a

19  user had kept Auto Blocker "off" prior to the update, the feature remains "off" after the update.

20  A stay is further warranted because Epic's claims are barred by the Ninth Circuit's *Allied*

21  *Orthopedic* precedent.  Epic does not dispute that Auto Blocker blocks unwanted commands from

22  executing on users' phones, or stealth malware installations from USB cables or spam links in

23  messaging apps.  Under *Allied Orthopedic*, when there is an unquestioned product improvement

24  (such as here) and no associated abuse of monopoly power (which Epic concedes Samsung does ***not***

25  have in the Market for Android App Distribution, *see* Compl. ¶¶ 2, 52),[1] courts cannot weigh a design

26  change's anticompetitive effects against its benefits (because doing so would stifle innovation).

27

28
_____
[1]  Unless otherwise noted, "¶" refers to Epic's September 30, 2024 Complaint.  Dkt. 1.

1    *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998-99 (9th Cir.

2    2010).  So it is here; the challenged change of defaulting Auto Blocker to on has indisputable

3    benefits to consumers.  The Ninth Circuit's prohibitions in *Allied Orthopedic* thus render all of

4    Epic's antitrust and related claims unactionable as a matter of law.

5        As is clear from Epic's complaint, this case is a continuation of Epic's ongoing war against

6    Google.  *See* ¶¶6, 69-82.  Until the Motion to Dismiss is resolved, Samsung should not be collateral

7    damage in this Epic/Google fight by having to engage in prejudicial and burdensome discovery

8    based on allegations Epic admits are unsupported.  Furthermore, the Korean Ministry of Trade,

9    Industry and Energy (MOTIE) regulates the export of "national core technology" information,

10   requiring enhanced reporting to the Korean government and the government's acceptance of that

11   reporting before any production of "national core technology" related-information can be made.

12   Samsung would need to determine whether the information sought by Epic from Samsung in this

13   case falls within these government reporting and approval requirements, as they place additional

14   burdens on Samsung as well as Korean government agencies and its personnel.  Samsung should

15   not have to undertake these governmental hurdles until the Court determines if the complaint will

16   survive.

17       In light of these circumstances, Samsung respectfully requests that the Court review and rule

18   on the Motion to Dismiss before opening discovery as to Samsung.

19                                    **LEGAL STANDARD**

20       This Court "has wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d

21   681, 685 (9th Cir. 1988).  Courts in this district have applied a two-part test that finds a stay

22   appropriate when (1) a motion to dismiss is potentially dispositive of the entire case and (2) the

23   motion can be decided absent additional discovery.  *Reveal Chat Holdco, LLC v. Facebook*, *Inc*.,

24   2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020) (collecting cases).  The Court may also stay

25   discovery upon a showing of "good cause" under Rule 26(c)(1).  *Braun v. Yahoo*, 2018 WL

26   10809622, at *2 (N.D. Cal. Mar. 28, 2018).  As explained below, both tests support a stay here.

27

28

**ARGUMENT**

A.    **The Two-Part Test Supports Staying Discovery Pending Samsung's Motion**

1.    **Samsung's Motion to Dismiss Is Potentially Case Dispositive**

Under the first step, courts consider whether a motion to dismiss is "*potentially* dispositive of the entire case." *Reveal Chat*, 2020 WL 2843369, at *3 (emphasis added). Here, Samsung's Motion to Dismiss is potentially dispositive of Epic's entire case because Samsung identifies fatal problems with *each* of Epic's seven claims. *See SSI (U.S.), Inc. v. Ferry*, 2021 WL 4812952, at *3 (C.D. Cal. May 25, 2021) (staying discovery and explaining first step met because motion "seeks to dismiss *all claims*") (emphasis added).

To the extent that a "preliminary peek" at the merits of Samsung's Motion to Dismiss is required, *Reveal Chat*, 2020 WL 2843369, at *2, that only confirms Samsung's Motion to Dismiss warrants a discovery stay. In determining whether the two-part test's first step is met, courts should not "grapple with the merits," *id.* at *3, or engage in a "substantive analysis" of the motion to dismiss, which "would be premature." *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at *3 (N.D. Cal. Apr. 27, 2018). Instead, the Court need only determine whether Samsung's "motion to dismiss, if meritorious, is potentially dispositive of the case[.]" *Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *In re Nexus 6p Products Liab. Litig.*, 2017 WL 3581188, at *8 (N.D. Cal. Aug. 18, 2017) (granting stay where motion to dismiss could dispose of the entire case); *Arcell v. Google LLC*, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022) (staying discovery where defendants raise "numerous significant challenges"). The legal defects in each of Epic's claims and theories—which Samsung explains in its concurrently-filed Motion to Dismiss—show that Samsung's Motion to Dismiss is indeed potentially case dispositive.

2.    **The Court Can Decide Samsung's Motion to Dismiss Without Discovery**

A stay is also appropriate because Samsung's Motion to Dismiss can be decided without discovery. Samsung moves to dismiss on the basis of Epic's own deficient Complaint. All these matters are before the Court at the pleading stage, requiring no discovery prior to resolution of Samsung's motion (and, if granted, this case). Samsung therefore satisfies the second step of the two-

1  part test.  *See, e.g.*, *Nexus*, 2017 WL 3581188, at *2 (staying discovery, second step satisfied where

2  motion to dismiss did not require discovery).

3  **B.**    **Good Cause and Equitable Considerations Also Strongly Support A Stay**

4  Beyond the two-part test often used by district courts in these circumstances, good cause and

5  equitable considerations further support a stay of discovery pending the resolution of Samsung's

6  Motion to Dismiss.  Epic admitted that it has no evidence supporting its allegations.  And as the Court

7  will see from the Motion to Dismiss, the claims are without merit.  As the Ninth Circuit has explained,

8  Rule 12(b)(6)'s very purpose is to "enable defendants to challenge the legal sufficiency of complaints

9  without subjecting themselves to discovery," and this rule is nowhere more important than in

10  "antitrust cases" like this one, where "the costs of discovery" are "prohibitive."  *Rutman Wine Co. v.*

11  *E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

12  For that reason, courts in this district routinely stay discovery in antitrust cases pending the

13  resolution of a motion to dismiss.  *See, e.g.*, *Reveal Chat*, 2020 WL 2843369, at *4; *In re Google*

14  *Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020); *Crowder v.*

15  *LinkedIn Corp.*, 2023 WL 2405335, at *8 (N.D. Cal. Mar. 8, 2023); *In re Graphics Processing Units*

16  *Antitrust Litig.*, 2007 WL 2127577, at *5–6 (N.D. Cal. July 24, 2007); *Realtek Semiconductor Corp.*

17  *v. MediaTek, Inc.*, 2024 WL 1975478, at *10–11 (N.D. Cal. May 3, 2024).

18  Staying discovery until the Court resolves Samsung's Motion to Dismiss will focus and

19  narrow discovery, if any claims survive.  The Court's decision on the Motion to Dismiss will guide

20  the parties on what is and is not appropriate discovery for any remaining claims.  *Graphics*, 2007

21  WL 2127577, at *5–6 (granting stay, and explaining that "[a]fter full ventilation of the viability *vel*

22  *non* of the complaint, we will all be in a much better position to evaluate how much, if any, discovery

23  to allow," such as discovery limited to theories that survive dismissal).  Moreover, staying discovery

24  until the Court rules on Samsung's Motion to Dismiss would impose little to no prejudice on Epic.

25  There is currently no scheduling order, and Epic will have ample chance to conduct discovery, if

26  the case proceeds.  *Reveal Chat*, 2020 WL 2843369, at *4 (finding no prejudice from a "limited

27  stay" where trial is set for "over two years from now"); *Jacksonville Police Off. & Fire Fighters*

28  *Health Ins. Tr. v. Gilead Sci., Inc.*, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022) (finding no

1  prejudice because "[t]he Court has not yet entered a scheduling order" and plaintiff "will not suffer

2  harm" because the court will issue a ruling "in a timely manner"); *Top Rank, Inc. v. Haymon*, 2015

3  WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (noting that prejudice from a short stay is "extremely

4  limited" because "the Court will promptly rule" on the motions to dismiss).  It would be particularly

5  helpful here to have guidance on the scope of the case, and whether it even survives the Motion to

6  Dismiss, before proceeding with discovery given the potential additional burdens to Samsung of

7  Korean government reporting requirements.

8  <u>**CONCLUSION**</u>

9      For the foregoing reasons, Samsung respectfully requests that the Court stay discovery

10  pending its resolution of Samsung's Motion to Dismiss.

11

12  Dated: January 15, 2025       By: <u>*/s/ Victoria F. Maroulis*</u>

13      VICTORIA F. MAROULIS, SBN 202603
    victoriamaroulis@quinnemanuel.com

14      Quinn Emanuel Urquhart & Sullivan, LLP
    555 Twin Dolphin Drive, 5th Floor

15      Redwood Shores, CA 94065
    Telephone: (650) 801-5000

16      Facsimile: (650) 801-5100

17      ADAM B. WOLFSON, SBN 262125
    KEVIN Y. TERUYA, SBN 235916

18      adamwolfson@quinnemanuel.com
    kevinteruya@quinnemanuel.com

19      Quinn Emanuel Urquhart & Sullivan, LLP
    865 S. Figueroa St., 10th Floor

20      Los Angeles, CA 90017
    Telephone: (213) 443-3000

21      Facsimile: (213) 443-3100

22      DEBRA BERNSTEIN (*pro hac vice* pending)
    debrabernstein@quinnemanuel.com

23      Quinn Emanuel Urquhart & Sullivan, LLP
    1200 Abernathy Road NE, Building 600, Suite 1500

24      Atlanta, GA 30328
    Telephone: (404) 482-3502

25      Facsimile: (404) 681-8290

26      *Attorneys for Defendants Samsung Electronics Co., Ltd.*
    *and Samsung Electronics America, Inc.*

27

28