Shaneeda Jaffer (SBN 253449)
sjaffer@beneschlaw.com
Lily A. North (CA 260709)
lnorth@beneschlaw.com
**BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP**
100 Pine Street, Suite 3100
San Francisco, California
Telephone: (628) 600-2250
Facsimile:  (628) 221-5828

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO.  LTD; SAMSUNG ELECTRONICS AMERICA, INC.; and GOOGLE LLC,<br><br>　　　　　　　　Defendants. | Case No. 3:24-cv-06843-JD<br><br>**PLAINTIFF EPIC GAMES, INC.'S NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT**<br><br>Hon. James Donato<br><br>Hearing:　July 9, 2025<br>　　　　　　10:00 am<br>　　　　　　Courtroom 11 |

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 9, 2025, at 10:00 am, or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, before the Honorable James Donato, Plaintiff Epic Games, Inc. ("Epic") will and hereby does move for an order granting Epic leave to file its proposed amended complaint ("Proposed Amended Complaint", which is submitted with this motion as Exhibit A to the Declaration of Michael J. Zaken) and ordering that the Proposed Amended Complaint be deemed filed. This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 15 on the grounds that granting this motion will not result in prejudice, Epic brings this motion without undue delay, Epic is not seeking leave to amend in bad faith, and the motion is neither futile nor legally insufficient. This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Proposed Amended Complaint, the Declaration of Michael J. Zaken as well as all matters with respect to which this Court may take judicial notice, and such oral and documentary evidence as properly may be presented to the Court.

## STATEMENT OF RELIEF SOUGHT

Epic seeks an Order granting its request to file its Proposed Amended Complaint pursuant to FRCP 15.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Epic seeks leave to amend its Complaint against Defendants Google LLC ("Google") and Samsung Electronics Co. Ltd and Samsung Electronics America, Inc. (collectively "Samsung" and, together with Google, "Defendants").  Specifically, Epic seeks to amend the Complaint to address new developments and to add a trade libel claim against Google and tortious interference claims against both Google and Samsung.

The new claims arise out of the same core facts alleged in Epic's original Complaint: through a series of false and misleading warning screens, Google and Samsung are preventing the Epic Games Store (and other third-party stores) from succeeding on Android, undermining the remedies the Court has imposed on Google and dooming any prospect to open up competition in the market for Android App Distribution.  Epic's original Complaint alleges that Google's Unknown Sources flow and Samsung's Auto Blocker protect the dominance of Google Play and that the statements in the scare screens associated with the Unknown Sources flow and Auto Blocker are false and misleading as they apply to the Epic Games Store and apps distributed on it.  (*See*, *e.g.*, Epic's Complaint, Dkt. 1, ¶¶ 90-111.)  Epic seeks to add claims that further address the ongoing impact of these false and misleading statements on Epic.  Google and Samsung will not be prejudiced by the Proposed Amended Complaint, as the new claims arise from the same core facts contained in the original Complaint and discovery is still in its early stages.  Nor has Epic unduly delayed in seeking amendment, as this amendment was timely filed under this Court's Case Management Order.  Finally, Google and Samsung have no grounds to argue that this amendment is made in bad faith or futile.  Therefore, Epic respectfully requests that the Court grant Epic leave to amend its Complaint.

## II.  PROCEDURAL HISTORY

Epic filed its Complaint on September 30, 2024.  (Dkt. 1.)  In January 2025, Samsung and Google each moved to dismiss the Complaint.  (Dkts. 49, 56.)  On April 3, 2025, this Court denied both motions to dismiss, holding that Epic had "plausibly stated its claims in the complaint".  (Dkt. 69.)  On April 16, 2025, in accordance with FRCP 16 and Civil Local

1  Rule 16-10, the Court issued a scheduling order, which set May 30, 2025 as the deadline to
2  "[a]dd parties or amend pleadings". (Dkt. 72.)

### III. LEGAL STANDARD

Where, as here, a case management order has been issued and the "Plaintiff file[s] [a] Motion [to amend] within the timeframe issued by the Court, Plaintiff is entitled to the 'liberal amendment procedures afforded by Rule 15.'" *Williams v. Baker*, 2021 WL 3772050, at *2 (E.D. Cal. Aug. 25, 2021) (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006)). FRCP 15 directs that "[t]he court should freely give leave [to amend] when justice so requires". Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded", *Foman v. Davis*, 371 U.S. 178, 182 (1962), and "[t]he policy of allowing amendments is to be applied with extreme liberality", *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (quotation marks omitted).

A district court determines whether a motion to amend is proper by looking at four factors: (1) prejudice to the opposing party, (2) undue delay, (3) bad faith and (4) futility. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Prejudice is the factor given the most weight in the Ninth Circuit. "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original). The "party opposing amendment bears the burden of showing prejudice". *Id.* (quotation marks omitted). Given the liberal standard, courts generally grant leave absent clear bad faith or prejudice. *See, e.g.*, *Griggs*, 170 F.3d at 881 (holding that the amendment should be permitted "unless . . . the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories"); *Najera v. Steelhead Fabrication*, 2014 WL 4100665, at *2 (N.D. Cal. Aug. 20, 2014) (holding that where an amendment is "sought early in the litigation" with neither dilatory purpose nor prejudice, "the court should exercise its discretion in favor of leave to amend") (quoting *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989)).

### IV. ARGUMENT

The Court should grant Epic leave to file its Proposed Amended Complaint because each

of the four factors set out by FRCP 15 weigh in favor of allowing amendment. *First*, the amendment causes no prejudice to Defendants because it is based on the same core factual allegations made in the original Complaint, and Defendants have been fully on notice of Epic's theory of liability from this case's inception. *Second*, Epic has not unduly delayed because it sought leave within the timeline set out in this Court's Case Management Order—and long before the close of discovery, dispositive motion practice and trial. *Third*, Epic's proposed amendments are not made in bad faith. *Finally*, adding these claims to Epic's Complaint will not be futile.

### A.  The Proposed Amended Complaint Will Not Prejudice Defendants.

"To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, a showing of prejudice must be substantial." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) (citation omitted). The "[m]ere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." *Johnson v. Serenity Transp., Inc.*, 2015 WL 4913266, at *5 (N.D. Cal. Aug. 17, 2015) (citing *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981)). If a "Plaintiff's new claims arise out of the same transactions or occurrences as the subject matter already at issue in [the] case," there is no prejudice because "the nature of the litigation and the course of defense will not be substantially altered". *Dauth v. Convenience Retailers, LLC,* 2013 WL 12440997, at *4 (N.D. Cal. July 31, 2013); *see also Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) ("Once the defendant is in court on a claim arising out of a particular transaction or set of facts, he is not prejudiced if another claim, arising out of the same facts, is added."). Defendants cannot meet this high burden.

Epic's Proposed Amended Complaint adds tortious interference claims against Google and Samsung, as well as a trade libel claim against Google that is similar to one already alleged against Samsung, all based on Google's and Samsung's imposition of frictions and presentation of scare screens to consumers via the Unknown Sources flow and Auto Blocker, respectively. These claims are based on the same core facts presented in Epic's original Complaint, which already detailed the anticompetitive effects of the frictions and scare screens associated with the

Unknown Sources flow and Auto Blocker.  (Compl. ¶¶ 61-68 (discussing Unknown Sources flow), 90-100 (discussing Auto Blocker).)

Furthermore, "because the case is still in the early stages of discovery, Defendants are not prejudiced by the proposed amendment." *Muhmoud v. City of San Jose*, 2022 WL 1539783, at *2 (N.D. Cal. May 16, 2022); *see also XpertUniverse, Inc. v. Cisco Sys., Inc.*, 2019 WL 3413287, at *5 (N.D. Cal. July 29, 2019) ("Although this amendment will expand the scope of the case, this expansion is not prejudicial given the early stage of discovery.").  Neither Defendant has begun producing documents beyond those previously produced to Epic in prior litigation.  The cut-off for fact discovery is over six months away, the deadline for dispositive motions is over nine months away and trial is over a year away.  Finally, Defendants have not yet answered the Complaint (*see* Dkt. 83), meaning that Defendants will have avoided duplicative efforts in responding to the Proposed Amended Complaint.  Given the above conditions, Defendants cannot meet the high bar for prejudice.

### B.     Epic Has Not Unduly Delayed.

Where a plaintiff moves expeditiously to amend, there is no undue delay.  *See McFall v. Stacy and Witbeck, Inc.*, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016).  This is particularly true where, as here, a plaintiff moves to amend before the expiration of any case deadlines.  *Id.*  Furthermore, when a case is "still in early proceedings", courts generally do not find that a motion to amend has been filed with undue delay.  *Tabas v. MoviePass, Inc.*, 401 F. Supp. 3d 928, 942 (N.D. Cal. 2019).  In any event, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend".  *Webb*, 655 F.2d at 980.

There is no undue delay in Epic's motion to amend.  Epic has moved to amend in accordance with the schedule set out in this Court's Case Management Order.  (Dkt. 72 (setting May 30, 2025 as the deadline for parties to amend pleadings).)  And Epic has acted diligently in filing a motion to amend less than two months after the Court denied Defendants' motions to dismiss and, as discussed above, while the case is in the early stages of discovery.  Therefore, Defendants cannot show undue delay.

### C. Epic Seeks to Amend in Good Faith.

Without "a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see, e.g.*, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (finding bad faith where plaintiff sought to add defendant to destroy diversity jurisdiction). Where the underlying facts or circumstances of a case "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits". *Foman*, 371 U.S. at 182.

Defendants cannot claim that Epic's amendments are made for any improper motive, such as to destroy jurisdiction or prolong the case. The Proposed Amended Complaint does not add parties or call for an unreasonable expansion of the scope of the case. Instead, these amendments would bring additional claims under California law that are based on the same nucleus of Defendants' conduct that is alleged in the original Complaint.

### D. The Proposed Amended Complaint Is Not Futile

Denial of leave to amend on futility grounds is "rare". *Carranza v. City of San Pablo*, 2022 WL 110647, at *4 (N.D. Cal. Jan. 12, 2022) (citation omitted). Courts "instead generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed". *CelLink Corp. v. Manaflex LLC*, 2024 WL 4844382, at *5 (N.D. Cal. Nov. 19, 2024) (quotation marks omitted); *see, e.g.*, *Chang v. Cashman*, 723 F. Supp. 3d 772, 783 (N.D. Cal. 2024) (explaining that futility arguments based on factual disputes are "not a basis on which th[e] [c]ourt may deny leave to amend"). This is because "[t]he merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss . . . or for summary judgment." *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (citation omitted).

The Proposed Amended Complaint alleges that Google's Unknown Sources flow violates California common law prohibiting trade libel and commercial disparagement. In addition, the Proposed Amended Complaint alleges that Google's Unknown Sources flow and Samsung's Auto Blocker tortiously interfere with Epic's contracts and economic relationships with consumers and developers. The Proposed Amended Complaint alleges that both the Unknown

Sources flow and Auto Blocker make false and misleading statements to consumers, by claiming that Epic's apps, the Epic Games Store and third-party apps listed on the Epic Games Store are unsafe or "unknown" to Google and Samsung.  These statements are untrue, as Google and Samsung undertake no analysis to determine whether or not the Epic Games Store and these apps are unsafe.  In fact, the same exact apps are considered "safe" when downloaded from the Google Play Store or Samsung Galaxy Store, and Google and Samsung do not provide developers with any avenue to qualify their apps as safe under either the Unknown Sources flow or Auto Blocker.  The harm of these misleading statements is not hypothetical.  Epic's contracts with consumers (who are signed up to the Epic Games Store and to play Epic's apps) and its economic relationships with consumers (who are seeking to download its apps or the Epic Games Store) have been compromised and hampered by Google's and Samsung's blocking of these downloads on Samsung and other Android devices.  The scare screens have prevented Epic from transacting with these consumers and have thus caused damages in the form of lost profits and reputational harm.  This chilling effect on Epic's relationships with its consumers has also interfered with Epic's contracts with third-party developers and prospective developers that were negotiating with Epic to host their apps on the Epic Games Store.  By hampering Epic's actual and prospective business with consumers and developers, Google and Samsung interfere with the profits Epic would be able to reap from its relationships with these consumers and developers.

These allegations are consistent with preexisting allegations against Defendants related to the Unknown Sources flow and Auto Blocker in the original Complaint, which the Court has concluded plausibly stated claims under the Sherman Act, the California Cartwright Act, California's trade libel law, and the California Unfair Competition Law. (Dkts. 1, 69.)  Epic's Proposed Amended Complaint is therefore not futile.

V.   **CONCLUSION**

For the reasons discussed above, Epic respectfully requests that the Court grant Epic leave to file the Proposed Amended Complaint.

Dated:  May 30, 2025

Respectfully submitted,

By:   */s/ Gary A. Bornstein*
       Gary A. Bornstein

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

Shaneeda Jaffer (SBN 253449)
sjaffer@beneschlaw.com
Lily A. North (CA 260709)
lnorth@beneschlaw.com
100 Pine Street, Suite 3100
San Francisco, California
Telephone: (628) 600-2250
Facsimile:  (628) 221-5828

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

*Attorneys for Plaintiff Epic Games, Inc.*