# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

September 18, 2025

Re: *Epic Games, Inc. v. Samsung Electronics Co. Ltd. et al.*, No. 3:24-cv-06843-JD (N.D. Cal.)

Your Honor,

      I write on behalf of Plaintiff Epic Games, Inc. ("Epic") in the above-captioned matter pursuant to this Court's September 12 Order (Dkt. 109) directing Epic to submit a letter addressing discovery disputes hampering Epic's ability to prosecute this matter.

      Epic consistently fulfilled its discovery obligations in this action. It noticed discovery early. It proactively pursued meet and confers and has been reviewing documents for months. Google, however, has not reciprocated. Both in the months leading up to the September 11, 2025 Status Conference and since then, Epic has worked diligently in an attempt to eliminate or at least narrow remaining discovery disputes, all of which pertain to discovery *from Google*. Throughout this process, Epic agreed to reasonable compromises. For example, based on a hit report Google belatedly provided late last week, Epic agreed to narrow its search terms dramatically, reducing the burden on Google by roughly 40%. But Google still refuses to commit to conduct a reasonable search or complete production on a reasonable timeline.

      Both parties need sufficient time to process and review documents before fact depositions. To facilitate this, Epic has proposed a mutual substantial completion date of October 17, 2025—a deadline weeks later than the September deadlines Epic repeatedly proposed in the weeks leading up to the Status Conference. However, Google has refused to commit to *any* substantial completion deadline for document production before the close of fact discovery. Moreover, despite Epic's agreement to substantially narrow the search terms Google uses to search for responsive documents, Google insists that Epic must *further* narrow its search terms *and* further limit the time period for responsive documents (a time period the Parties had agreed to months ago), claiming that with 85 days until the close of all fact discovery, Google simply *cannot* conduct the reasonable searches Epic has been seeking *for months*.

      The Court should not reward Google's delay tactics. Google sat on Epic's proposed search protocol since early summer. It did nothing to negotiate its terms and apparently very little to execute on it. If Google now needs to invest more resources in order to catch up, that is a problem of Google's own making. Google must conduct a reasonable search for documents and must meet a reasonable timeline for the completion of document production. Epic respectfully requests that the Court enter a substantial completion deadline of **October 17, 2025** and order Google to execute searches of its documents under Epic's latest search term proposal.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

I.   **Substantial Completion**

Epic and Google are at an impasse on the issue of substantial completion. Google has engaged in repeated foot-dragging, citing the absence of a substantial completion deadline in the Court's initial scheduling order. (Dkt. 72.) Epic respectfully requests that the Court set a substantial completion deadline of **October 17, 2025**.

Google has thus far refused to commit to *any* deadline for substantial completion of document production consistent with the case schedule. In the weeks leading up to the Status Conference, Epic proposed several schedules with substantial completion dates in September. Google refused to engage, arguing that it need not commit to complete productions until the very end of fact discovery, because the Court had not ordered a deadline for substantial completion.[1] Even after the Status Conference, Google is still refusing to commit to a deadline, insisting it will only commit to make "rolling productions".

Google's conduct in this case suggests it will continue to slow-walk productions in the absence of a concrete deadline. For nearly a year, Google failed to produce a single document. It refused for weeks even to commit to a date certain for *beginning* productions. Google did not make its first production, of only 11,612 documents, until September 8, 2025—just hours before the Parties filed the Joint Status Conference Statement ("JSCS").[2] Epic cannot proceed on this cadence. It needs sufficient time to review Google's production, prepare for and complete fact depositions before the close of fact discovery on December 12, 2025, and allow its experts to analyze relevant data ahead of their opening reports, due December 19, 2025. Google's proposal would prevent this.

Google's excuse that it cannot substantially complete its production by October 17, 2025, is untenable. Google has virtually unlimited resources. As this Court noted, Google cannot cite "worri[es] about costs" as an excuse for further delay. (Sept. 11, 2025 Tr. at 10:14-15.) October 17, 2025 is the latest substantial completion deadline Epic can accommodate, as it allows Epic less than two months to digest the productions and complete its expert and deposition work.

II.   **Proposed Search Protocol for Google's Documents**

**Search Terms**. Consistent with the case schedule, Epic began its own document review in the spring of 2025, as soon as initial search term proposals were exchanged. By August, Epic accepted all the modifications Google asked for in the search term proposal for Epic's own documents. Consequently, to date, Epic already has reviewed nearly a million documents.

Google, by contrast, delayed. At the May 8, 2025 Status Conference, Google committed to promptly run any proposed search terms and provide Epic with detailed hit reports. (May 8, 2025 Case Mgmt. Conf. Tr. at 11.) Google did not live up to that commitment. To the contrary,

---

[1] In the JSCS, Google proposed a substantial completion date of five months from now—January 23, 2026—on the assumption that fact discovery would be extended to late March. That date itself was entirely unreasonable.

[2] At the Status Conference Google blamed this production delay on needing to "retool[]" its discovery efforts after Epic's amendment. (Sept. 11 Status Conference Tr. 14:23-15:3.) But Google has known about the amendment for more than three months (since May 30, 2025) (*see* Dkts. 87, 88-2), and much of the discovery work that the parties engaged in for the nine months prior to the amendment remained unchanged. For example, Epic served Google with 16 of its 29 requests for production on January 31, 2025, many months before the amendment. And Google was aware of 14 of the 16 custodians it ultimately agreed to long before the amendment. In short, the amendment generally narrowed the discovery Epic seeks and does not justify Google's extensive delay.

Epic provided Google with proposed search terms on June 3, 2025; Google never responded substantively to that proposal. On July 23, 2025, in light of the dismissal of the Auto Blocker claims, Epic eliminated several search strings from its proposal; Google again did not respond substantively. Finally, on August 22, 2025, Google provided its first substantive response. Implying a claim of burden, Google rejected certain strings outright and significantly narrowed or claimed it "continue[d] to test and narrow" several others. Google provided no "hit report" or other evidence to justify this counterproposal, as it had committed to do. Epic repeatedly asked Google to substantiate its claim of burden, but Google did not provide Epic with a hit report until September 10, the afternoon before the Status Conference.[3] That hit report suggested Epic's search terms hit just under 4 million documents. On September 14, 2025, Epic provided Google with a significantly narrowed search proposal. According to Google, that proposal lowered the hit count by 40%—from ~4 million to ~2.4 million.

Google rejected even that proposal, claiming it "cannot" review that number of documents and that hits must be *far* fewer—even if no substantial completion deadline is set. But the time for iterating and fine-tuning Google's search terms has passed. Google could have negotiated search terms in July-August, as Epic did. It did not. Epic should not bear the brunt of Google's delay tactics. Further, the total number of hits Google reports is reasonable, especially compared to the number of Epic documents hit by the search terms Epic agreed to.[4] Epic respectfully requests Google be ordered to run Epic's latest proposed search terms.[5]

**Start Date for Discovery.** On May 7, 2025, the parties agreed the appropriate start date for document discovery (for topics other than Auto Blocker) would be August 14, 2020, where discovery in *Google I* left off. Google said nothing about this agreement until September 4, 2025, when it reneged and instead proposed May 30, 2023 as a start date. Google most recently suggested discovery begin on November 18, 2022, the day after Epic filed its final amended complaint in *Google I*. Google's proposal is unjustified and untimely.

The August 14, 2020 start date is appropriate and was specifically selected by the Parties to ensure continuity with the discovery in *Google I*. Any later start date would leave a gap in the record. Google's only reason for a later start date is asserted burden. But Epic already agreed to narrow Google's search terms. It would be prejudicial to Epic to push the discovery period forward after Epic has completed much of its document review and two document productions under the agreed-to earlier start date. The discovery start date should remain August 14, 2020, consistent with the parties' longstanding agreement.

\* \* \*

For all the reasons stated above, Epic respectfully requests that the Court set a substantial completion deadline of **October 17, 2025** and order Google to execute Epic's proposed search protocol and produce documents starting from August 14, 2020.

---

[3] Google provided a supposed hit report on September 5, 2025, but that hit report was entirely uninformative as to the actual burden Google faced—it included multiple custodians Epic had agreed to drop, did not report unique hits, did not reflect modifications Epic had already agreed to and did not de-duplicate hits.

[4] As Epic disclosed to Google, Epic's search terms hit on between 1.6 and 1.7 million of its documents even prior to Epic's completion of its collection of files (pre-threading).

[5] On September 15, 2025, Google informed Epic that its vendor could not run certain strings (strings 17, 26 & 30) due to syntax issues. Epic revised them. The September 14, 2025 proposal can be run as modified.

Respectfully submitted,

By: */s/ Yonatan Even*

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**

Shaneeda Jaffer (SBN 253449)
sjaffer@beneschlaw.com
Lily A. North (CA 260709)
lnorth@beneschlaw.com

100 Pine Street, Suite 3100
San Francisco, California
Telephone: (628) 600-2250
Facsimile: (628) 221-5828

**CRAVATH, SWAINE & MOORE LLP**

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
Lauren A. Moskowitz (*pro hac vice*)
lmoskowitz@cravath.com
Michael J. Zaken (*pro hac vice*)
mzaken@cravath.com

Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*

Attn: The Honorable Judge James Donato
    United States District Court
        Office of the Clerk
            450 Golden Gate Avenue, 16th Floor
                San Francisco, CA 94102

VIA ECF

## **E-FILING ATTESTATION**

I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Yonatan Even*

Yonatan Even