# Dunn Isaacson Rhee

September 30, 2025

The Honorable James Donato
United States District Court for the Northern District of California

Re: *Epic Games, Inc. v. Samsung Electronics Co. Ltd. et al.*, No. 3:24-cv-06843-JD

Your Honor,

Defendant Google LLC ("Google") responds to Epic Games, Inc.'s ("Epic") September 18 letter (Dkt. 110) pursuant to this Court's Order (Dkt. 111). For the reasons set forth below, Google requests that the Court (1) deny Epic's renewed request to modify the case schedule by adding a substantial completion deadline; (2) order that Google's versions of the 9 disputed search terms be used, and (3) order that the start date for discovery be November 18, 2022.

There have been no unreasonable delays in discovery. The case filed last year was completely swapped out just three months ago. Not a single claim from Epic's September 30, 2024 lawsuit – which alleged an antitrust conspiracy regarding Samsung's Auto Blocker security feature – remains a part of this case. In its place, Epic brought tort claims based entirely on conduct previously litigated in *Epic v. Google I* and only just added by Epic's July 7 First Amended Complaint. Epic's claim, therefore, of a "year-long" delay in discovery is profoundly misleading. To the contrary, in the less than three months that its claims have been pending, the parties have modified their previously-served Auto Blocker-focused discovery requests; served, responded to and met and conferred regarding the new discovery requests; and reached agreement on document custodians. Google has also now produced more than 20,000 documents, including Google's production of more than 11,000 yesterday, *in addition to the more than 3.3 million documents already reproduced* from *Epic v. Google I*. And Google does not argue nothing more is needed. It has already agreed to a set of search strings that will result in Google reviewing 1.4 million documents. It merely proposes modest modifications to tie discovery to the legally relevant time period and reasonably tie search terms to the relevant allegations. Epic's unreasonable refusal to compromise on the scope of discovery—a scope that "must not only be relevant to a claim or defense in the lawsuit, but also must be proportional to the needs of a case," *Starline Windows Inc. v. Quanex Bldg. Prods. Corp.*, 2016 WL 4485568, at *5 (S.D. Cal. Aug. 19, 2016), is the cause for the disputes before the Court.

Having remade its case in July, Epic now unreasonably demands discovery that may have been appropriate for the massive antitrust case it abandoned but is inappropriate for the tort claims it now asserts. Google proposes a reasonable path forward that is proportional to the needs of the actual, far narrower case now before the Court.

## I.  Epic's Demand for an October 17 Substantial Completion Deadline Should be Denied

In its April 16, 2025 scheduling order, the Court declined Epic's request for a substantial completion deadline. Dkt. 72. On September 12, 2025, following the September 11 status conference, the Court declined to make any requested changes to the case management schedule, denying the request for a substantial completion deadline. Dkt. 109. There is no basis to reconsider that ruling now as other aspects of the schedule remain unchanged.

1

Epic asserts that a substantial completion deadline is necessary to combat further "delay."[1] Not so. Google has prioritized its discovery efforts on the claims actually operative in the case. Prior to Epic's amendment in July, Google could not reasonably have been reviewing and producing documents during the September 2024-July 2025 timeframe *for claims that did not yet exist*.

Google is prepared to meet the Court's fact discovery deadline of December 12, 2025. Google has also agreed to make rolling document productions every three weeks, and complete any deponents' custodial document productions at least seven days prior to any agreed-upon deposition date. These commitments are more than adequate to ensure both parties receive a steady flow of documents, allow ample time to review documents in advance of depositions, and for experts to review documents and data in advance of expert reports. Epic does not explain why Google's practical and reasonable alternatives are insufficient.

Epic's proposed date is not feasible and would result in prejudice. While Google has been dedicating substantial resources to its document review, given that Epic's claims have been live for less than three months, and the scope and breadth of discovery Epic seeks, Google cannot be substantially complete by October 17, less than three weeks away. To rush compliance with such a deadline puts at risk the accuracy of the review, and quality control mechanisms required for the amount of ESI at issue. *See Sedona Conference Commentary on Achieving Quality in the E-Discovery Process*, 15 Sedona Conf. J. 265, 270 (2014) ("Rule 26(g)(1) . . . necessitates a form of quality assurance by counsel based on an appropriate level of attention paid to ensuring accurate results").

## II.    Google Has Negotiated in Good Faith a Reasonable Set of Search Strings

Google has already agreed to a set of search strings that will result in Google reviewing 1.4 million documents. Of the 36 search strings that Epic proposed, Google has already agreed to run 27 of them, as proposed by Epic, with no modifications. As to the remaining 9 search strings in dispute, Google proposes modest modifications to tie the strings more directly to the claims and defenses and make the review population reasonable and proportionate for the case. Rather than compromise, Epic continues to insist on its overbroad and unduly burdensome versions of these 9 search strings, none of which they actually describe or identify for the Court.[2] Google's proposed modifications[3]

---

[1] Epic faults Google for not agreeing to a substantial completion deadline but omits that Google proposed such a deadline when discussing an extended case schedule. *See* Dkt. 105.

[2] To give just two examples, Epic's ST9 and ST68 each hit on more than a million documents and contain numerous terms that are irrelevant to Epic's claims and/or highly likely to bring back false hits because of their generic nature. Google proposes, therefore, the modest modifications in red below.

   **ST9:** (consumer* OR user* OR player* OR developer*) w/~~15~~ **5** (prefer* OR behav* OR trend* OR report* OR assess* OR survey* OR retain* OR retention* ~~OR progress OR pattern* OR analysis OR stud*~~) **AND (Google Play OR (Play w/5 Store))**

   **ST68:** (~~Play OR "GPS"~~ **Google Play or (Play w/ 5 Store)** OR ((app OR apps OR application* OR software OR digital) w/2 store*)) w/~~10~~ **5** (discoverab* OR market* OR promotion* OR featur* OR rank* OR rating* OR visibility)

[3] Given ¶ 19 of the Court's Standing Order For Discovery In Civil Cases, Google has not attached its full set of proposed modifications to the search strings but will provide it upon the Court's request.

simply narrow Epic's overbroad proposed strings by revising irrelevant or generic terms or using the same "w/5" numerical limiter that Epic uses for most of its search strings. Epic has refused to engage on the merits of the proposed modifications, offering no explanation for how the stricken terms are relevant to Unknown Sources, or why Google's modifications are insufficient.

## III.    Start Date for Document Production

The start date for new discovery should be November 18, 2022. According to Epic, its claims did not accrue–for purposes of either the 2-year statute of limitations or for the applicability of claim preclusion–until after the amended complaint in *Epic v. Google I* was filed. Opp. to MTD FAC, Dkt. 102, at 6 (Epic stating its claims accrued "after the filing of the operative complaint" and "after the verdict in that case," and acknowledging the "relevant limitations period is two years"). Thus, assuming the Court agrees with Epic's preclusion analysis (which for reasons in Google's motion papers, we respectfully contend the Court should not), then, by Epic's own admission, its claims did not come into existence until sometime *after* November 18, 2022. Further, there is no dispute that a two-year statute of limitations applies. Dkt. 102, at 6 n.2. Therefore, to the extent Epic's claims pre-date May 30, 2023 (two years from the date of Epic filing its proposed amended complaint), they are time-barred. In other words, November 18, 2022 is tied to Epic's own allegations for when its claims accrued, and is 6 months prior to the start of the limitations period, and is therefore a reasonable and proportionate start date for discovery.

Epic's insistence on an August 14, 2020 start date is unreasonable and ignores its fundamental reshaping of this case. *First*, Epic ignores that Google only agreed to August 14, 2020 as a relevant start date for claims that they dismissed and does not mention that, even then, the parties agreed to a January 1, 2022 start date for certain discovery requests in Epic's original claims. *Second*, Epic's argument that a later start date would create an "evidentiary gap" between *Epic v. Google I* undermines its own preclusion arguments. Google's conduct, by Epic's own allegations, remained unchanged during that "gap" period. A "gap" is only a concern if the new claims arise from the same nucleus of operative fact, which makes the claims barred by preclusion. *Third*, there is no prejudice to Epic for having reviewed its own documents dating back to August 14, 2020. In the first meet and confer after Epic's amendment, Google stated its view that the relevant time period did not extend back to 2020. Epic did not respond on that point until August 27, 2025. Epic's decision to produce documents from 2020 onward, notwithstanding Google's prompt objection to the time period is a choice they made, but does not result in prejudice.

* * *

Google respectfully requests that the Court (1) deny Epic's request for a substantial completion deadline, (2) order Google to use its proposed search strings, and (3) order a relevant discovery time period start date of November 18, 2022.

Respectfully submitted,

*/s/ Jeannie S. Rhee*
Jeannie S. Rhee (*pro hac vice*)
jrhee@dirllp.com
Karen L. Dunn (*pro hac vice*)

3

kdunn@dirllp.com
Jessica E. Phillips (*pro hac vice*)
jphillips@dirllp.com
Martha L. Goodman (*pro hac vice*)
mgoodman@dirllp.com
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004
Telephone: (202) 240-2900

Meredith R. Dearborn (SBN 268312)
mdearborn@dirllp.com
DUNN ISAACSON RHEE LLP
P.O. Box 15093
San Francisco, CA 94115-0093
Telephone: (202) 240-2900

*Counsel for Defendant Google LLC*

Attn:

    The Honorable Judge James Donato
    United States District Court
    Office of the Clerk
    450 Golden Gate Avenue, 16th Floor
    San Francisco, CA 94102

VIA ECF

## E-FILING ATTESTATION

I, Jeannie S. Rhee, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

*/s/ Jeannie S. Rhee*
Jeannie S. Rhee