| | |
|---|---|
| Shaneeda Jaffer (SBN 253449) | Meredith R. Dearborn (SBN 268312) |
| sjaffer@beneschlaw.com | mdearborn@dirllp.com |
| Lily A. North (CA 260709) | DUNN ISAACSON RHEE LLP |
| lnorth@beneschlaw.com | 345 California Street |
| BENESCH FRIEDLANDER COPLAN & ARONOFF LLP | San Francisco, CA 94104 |
| 100 Pine Street, Suite 3100 | Telephone: (202) 240-2900 |
| San Francisco, California | Jeannie S. Rhee (*pro hac vice*) |
| Telephone: (628) 600-2250 | jrhee@dirllp.com |
| Facsimile: (628) 221-5828 | Karen L. Dunn (*pro hac vice* pending) |
| | kdunn@dirllp.com |
| Gary A. Bornstein (*pro hac vice*) | Jessica E. Phillips (*pro hac vice*) |
| gbornstein@cravath.com | jphillips@dirllp.com |
| Yonatan Even (*pro hac vice*) | Martha L. Goodman (*pro hac vice*) |
| yeven@cravath.com | mgoodman@dirllp.com |
| Lauren A. Moskowitz (*pro hac vice*) | DUNN ISAACSON RHEE LLP |
| lmoskowitz@cravath.com | 401 Ninth Street, NW |
| Michael J. Zaken (*pro hac vice*) | Washington, DC 20004 |
| mzaken@cravath.com | Telephone: (202) 240-2900 |
| CRAVATH, SWAINE & MOORE LLP | |
| Two Manhattan West | *Counsel for Defendant Google LLC* |
| 375 Ninth Avenue | |
| New York, New York 10001 | |
| Telephone: (212) 474-1000 | |
| Facsimile: (212) 474-3700 | |

*Counsel for Plaintiff Epic Games, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIC GAMES, INC., | Case No. 3:24-CV-06843-JD |
| Plaintiff, | |
| v. | **STIPULATED AND [PROPOSED] ORDER REGARDING EXPERT STIPULATION** |
| SAMSUNG ELECTRONICS CO. LTD; SAMSUNG ELECTRONICS AMERICA, INC.; and GOOGLE LLC, | |
| | Judge: Hon. James Donato |
| Defendants. | |

Upon the agreement of the parties in the above-captioned action (the "Parties", and each individually, a "Party") regarding the scope of disclosures and discovery relating to all experts (testifying and non-testifying), the Court enters this Order:

1. Except as specifically set forth and/or modified herein, the Parties shall comply with all of the requirements of Federal Rule of Civil Procedure 26 with regard to the scope of disclosures and discovery relating to all experts.

2. Any expert retained in connection with the above-captioned action shall be provided with a copy of this Order.

3. The Parties agree that the only disclosures relating to retained experts (testifying and non-testifying) and consultants in the above-captioned action shall be those pertaining only to testifying experts, resulting from and as required by Federal Rule of Civil Procedure 26(a)(2) as modified or limited by this Order.

4. For purposes both of the disclosure requirement agreed at Paragraph 3 above and also for purposes of discovery relating to experts, the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon."

5. Unless relied upon by a testifying expert as a basis for his or her opinion(s) expressed in final expert reports, declarations or other testimony in this litigation, the following categories of information, whether in documents, communications, or other forms, shall not be discoverable:

    a. The content of communications between a testifying expert and his or her staff;

    b. The content of communications between, on the one hand, a testifying expert and his or her staff and, on the other hand, any other non-testifying experts or consultants and their staff;

    c. The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, the Party who retained that expert;

    d. The content of communications between, on the one hand, a testifying expert and his or her staff, and, on the other hand, any other testifying experts and their staff retained by the same Party; and

    e. Work product prepared by or at the direction of a testifying expert, other than a

testifying expert's final report or declaration submitted in this litigation (including, but not limited to, notes, outlines, memoranda, research and analyses), as well as communications regarding that work product with that testifying expert's staff or any other non-testifying experts or consultants.

6. The Parties shall not be obliged to include documents encompassed within the scope of Paragraph 5 above on any privilege log.

7. Within three calendar days of service of an expert report, declaration, or affidavit, the Party submitting such report, declaration, or affidavit shall produce all the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinion(s). Data, documents, and other information relied upon by an expert witness shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells, if applicable), statistical analyses, regression analyses, input and output files for each program or computer code, programs, computer code, and other sources, reports, schedules, literature, or websites. A detailed readme file that explains (1) each of the source input files and Bates-numbered data files to be included in each specific folder of the backup production and (2) the specific order to run each program or computer code shall also be produced. Bates-numbered documents previously produced by any Party and documents that are publicly available need not be produced, but a list of any such documents identified by Bates number (and, for publicly available documents, the location where such materials can be located) shall be included with the information relied upon by the expert. Neither Party needs to produce programs or software that (i) are publicly available at reasonable cost and within a reasonable time and (ii) are not practicable to copy, as long as the Party offering the expert's opinion provide timely and reasonable access and instructions for purposes of replication or analysis of disclosed results. Documents that are publicly available must be identified but need not be produced absent specific request. Documents and data should be produced electronically (via email or storage device such as hard drive or thumb drive) where appropriate.

8. The production of information relied upon shall be sufficient for the opposing Party and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort. The producing Party also shall promptly

answer reasonable technical inquiries about data, programs, or code prior to the expert's deposition.

9. Without prejudice to a party's rights under Federal Rule of Civil Procedure 26(b)(4)(D)(i) and (ii), all work product prepared by or at the direction of an expert or consultant who is not expected to be called as a witness at trial (including, but not limited to, notes, outlines, memoranda, reports, drafts, research and analyses), as well as communications by or among such non-testifying experts or consultants or their staff, shall not be discoverable through any means.

10. Nothing in this Order shall limit or waive any Party's rights to object for any reason to the admission of any opposing Party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

11. The requirements of Federal Rule of Civil Procedure 26(b)(4)(E) shall not apply in this litigation.

12. This Order may be amended only by a subsequent written stipulation among the Parties or upon order of the Court.

**IT IS SO STIPULATED.**

Dated: October 24, 2025

| | |
|---|---|
| */s/ Gary A. Bornstein* | */s/ Jeannie S. Rhee* |
| Shaneeda Jaffer (SBN 253449) | Jeannie S. Rhee (*pro hac vice*) |
| sjaffer@beneschlaw.com | jrhee@dirllp.com |
| Lily A. North (CA 260709) | Karen L. Dunn (*pro hac vice* pending) |
| lnorth@beneschlaw.com | kdunn@dirllp.com |
| BENESCH FRIEDLANDER COPLAN & ARONOFF LLP | Jessica E. Phillips (*pro hac vice*) |
| | jphillips@dirllp.com |
| 100 Pine Street, Suite 3100 | Martha L. Goodman (*pro hac vice*) |
| San Francisco, California | mgoodman@dirllp.com |
| Telephone: (628) 600-2250 | DUNN ISAACSON RHEE LLP |
| Facsimile: (628) 221-5828 | 401 Ninth Street, NW |
| | Washington, DC 20004 |
| Gary A. Bornstein (*pro hac vice*) | Telephone: (202) 240-2900 |
| gbornstein@cravath.com | |
| Yonatan Even (*pro hac vice*) | Meredith R. Dearborn (SBN 268312) |
| yeven@cravath.com | mdearborn@dirllp.com |
| Lauren A. Moskowitz (*pro hac vice*) | DUNN ISAACSON RHEE LLP |
| lmoskowitz@cravath.com | 345 California Street |
| Michael J. Zaken (*pro hac vice*) | San Francisco, CA 94104 |
| mzaken@cravath.com | Telephone: (202) 240-2900 |
| CRAVATH, SWAINE & MOORE LLP | |
| Two Manhattan West | *Counsel for Defendant Google LLC* |
| 375 Ninth Avenue | |
| New York, New York 10001 | |
| Telephone: (212) 474-1000 | |
| Facsimile: (212) 474-3700 | |

*Counsel for Plaintiff Epic Games, Inc.*

**<u>ORDER</u>**

Pursuant to stipulation, it is so ordered.

DATED: _____

HON. JAMES DONATO
United States District Court Judge

**E-FILING ATTESTATION**

I, Gary Bornstein, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

/s/ Gary A. Bornstein
Gary A. Bornstein