# CRAVATH

Yonatan Even
yeven@cravath.com
T+1-212-474-1958
New York

October 27, 2025

Re:  *Epic Games, Inc. v. Samsung Electronics Co. Ltd., et al.*, No. 3:24-cv-06843-JD (N.D. Cal.)

Your Honor:

  Plaintiff Epic Games, Inc. ("Epic") writes pursuant to Para. 18 of this Court's Standing Order for Discovery in Civil Cases to raise a dispute concerning Google's refusal to produce documents that are hyperlinked in documents Google has produced, as Google is required to do under the Hyperlinked Files provision of the ESI Protocol entered by the Court.  (*See* Dkt. 84.)  Epic has met and conferred with Google several times about this issue but has been unable to resolve it.

  In the ordinary course of business, both Epic and Google use Google's commercially available Google Workspace software for corporate email and document management.  Although Google Workspace allows users to attach documents to emails, a common way to share documents among Google employees (and among Epic employees) is to save them on a shared space—typically Google Drive—and then provide multiple individuals access to the file, such that multiple individuals are able to collaboratively work on the document (often at the same time).  The document is shared not as an attachment, but by emailing a hyperlink to its shared location.  Recognizing this reality, the ESI Protocol that the parties negotiated and the Court entered provides that either party may seek the production of any hyperlinked file the party "reasonably believes to be responsive" and should do so by "identify[ing] by Bates number the document in which the hyperlinked file appears".  (Dkt. 84.)  Although this manual process is laborious, it served the parties well in *In re: Google Play Store Antitrust Litigation*, and the parties have carried it over, largely unchanged, to this case.

  Following the entry of the ESI Protocol, but long before Google produced any documents in this matter, Epic discovered that Google released a new feature in Google Workspace that facilitates the automated collection of all hyperlinked Google Drive documents together with any underlying email that hyperlinks to them.  Epic approached Google and proposed that instead of the manual process contemplated in the ESI Order, the parties leverage the new feature to collect and produce *all* Google Drive documents that are hyperlinked in responsive emails, just as the parties would do if those documents were more traditional attachments.[1]  Google dragged

---

[1] Once hyperlinked Google Drive documents are collected using Google's new technology, their linking to the underlying email requires a modest investment of time by a discovery vendor.  Epic provided Google with a full description of that process and an estimate from Epic's vendor that the process takes roughly 2-4 hours per custodian.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
100 Cheapside
London, EC2V 6DT
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

its feet for months but eventually declined to adopt an automated process, insisting it would follow the process contemplated in the ESI Protocol, despite its relative inefficiency.[2]

In light of Google's position, Epic proceeded to manually review thousands of documents containing hyperlinks to determine the likely responsiveness of hyperlinked documents. On October 10 and October 16, Epic provided Google with targeted lists that identify by Bates number 1,076 documents containing hyperlinks to Google Drive files that Epic, based on its review, reasonably believes to be responsive. Epic has thus complied with the ESI Protocol to the letter.

Google, however, refused to produce the specifically identified hyperlinked documents, asserting that the request is burdensome. That claim is unavailing. The Protocol unequivocally requires Google to produce hyperlinked files that Epic reasonably believes are responsive and identified by Bates number, as Epic has done here. And the Protocol does not recognize burden as an excuse to production. Moreover, any burden the request imposes on Google is of Google's own making: Google easily could mitigate any burden by following the mostly-automated process that Epic proposed—and that Epic followed for its own production. Having declined to do so, Google must comply with the ESI Protocol.

\* \* \*

Courts have repeatedly recognized that parties are entitled to documents referenced via hyperlinks in custodial communications. *IQVIA, Inc. v. Veeva Sys., Inc.*, 2019 WL 3069203, at \*5 (D.N.J. Jul. 11, 2019). The parties have mutually agreed to and are bound by the ESI Protocol, which lays out the process for identifying and requesting the production of hyperlinked documents. Epic respectfully requests that the Court order that, in accordance with the ESI Protocol, Google promptly produce the hyperlinked files Epic has specifically identified on October 10 and October 16, as well as any hyperlinked documents Epic identifies pursuant to the ESI Protocol going forward.

                                                Respectfully submitted,

                                                By:   /s/ *Yonatan Even*

VIA ECF

---

[2] Epic has employed the automated process and accordingly has produced to Google *all* Google Drive documents hyperlinked in any responsive email captured by its search protocol.

## **E-FILING ATTESTATION**

      I, Yonatan Even, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

      */s/ Yonatan Even*

      Yonatan Even