Shaneeda Jaffer (SBN 253449)
sjaffer@beneschlaw.com
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California
Telephone: (628) 600-2250
Facsimile: (628) 221-5828

Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc.*

Jeannie S. Rhee (*pro hac vice*)
Karen L. Dunn (*pro hac vice*)
Jessica E. Phillips (*pro hac vice*)
Martha L. Goodman (*pro hac vice*)
DUNN ISAACSON RHEE LLP
401 Ninth Street, NW
Washington, DC 20004
Telephone: (202) 240-2900
kdunn@dirllp.com
jrhee@dirllp.com
jphillips@dirllp.com
mgoodman@dirllp.com

Meredith R. Dearborn (SBN 268312)
DUNN ISAACSON RHEE LLP
345 California Street
San Francisco, CA 94104
Telephone: (202) 240-2900
mdearborn@dirllp.com

*Counsel for Defendant Google LLC*

[Additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>                      Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO. LTD;<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.; and GOOGLE LLC,<br><br>                 Defendants. | Case No. 3:24-cv-06843-JD<br><br>**JOINT NOTICE OF MOTION AND<br>MOTION TO STAY ACTION**<br><br>Date: December 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: Hon. James Donato |

**JOINT NOTICE OF MOTION AND MOTION TO STAY ACTION**

**PLEASE TAKE NOTICE** that on December 11, 2025, or a date to be set by the Court, in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, before the Honorable James Donato, Plaintiff Epic Games, Inc. ("Epic") and Defendant Google LLC ("Google") will and hereby jointly move the Court for an order granting its Motion to Stay Action ("Motion").  This Motion is based upon this Notice; the accompanying Motion; all the pleadings and files in this action; the pending resolution of the parties' joint Motion to Modify the Permanent Injunction filed in *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD ("*Epic v. Google*") on November 4, 2025 (the "Motion to Modify the Injunction") (Dkt. No. 756); and such oral and documentary evidence as properly may be presented to the Court.

**RELIEF SOUGHT**

Epic and Google respectfully request an order staying the proceedings in this action pending resolution of the parties' joint Motion to Modify the Injunction.

DATED:  November 4, 2025

**CRAVATH, SWAINE & MOORE LLP**
Gary A. Bornstein (*pro hac vice*)
Yonatan Even *(pro hac vice)*
Lauren A. Moskowitz *(pro hac vice)*
Michael J. Zaken *(pro hac vice)*
M. Brent Byars *(pro hac vice)*

**BENESCH FRIEDLANDER COPLAN & ARONOFF LLP**
Shaneeda Jaffer (SBN 253449)
Lily A. North (CA 260709)

By:   */s/ Yonatan Even*
Yonatan Even
*Counsel for Plaintiff Epic Games, Inc.*

DATED:  November 4, 2025          **DUNN ISAACSON RHEE LLP**
                                   Jeannie S. Rhee (*pro hac vice*)
                                   Karen L. Dunn (*pro hac vice*)
                                   Jessica E. Phillips (*pro hac vice*)
                                   Martha L. Goodman (*pro hac vice*)
                                   Meredith R. Dearborn (SBN 268312)


                          By:  */s/ Jeannie S. Rhee*
                                   Jeannie S. Rhee
                                   *Counsel for Defendants Google LLC et al.*

## MEMORANDUM OF POINTS AND AUTHORITIES

Epic Games, Inc. ("Epic") and Google LLC ("Google") respectfully request that the Court stay all proceedings in this matter pending resolution of the parties' joint Motion to Modify the Permanent Injunction filed in *Epic Games, Inc. v. Google LLC*, Case No. 3:20-cv-05671-JD ("*Epic v. Google*") on November 4, 2025 (the "Motion to Modify the Injunction"). (Dkt. No. 756.)  Good cause exists because the parties have reached a negotiated settlement that, if it becomes effective, would resolve this litigation.  A short stay would preserve judicial resources and defer the expenditure of potentially avoidable litigation expenses by the parties and third parties.

## BACKGROUND

On September 11, 2025, the Court directed the parties to engage in settlement discussions for this case, while continuing to push forward discovery efforts under the current case schedule. (*See* Dkt. No. 108, Sept. 11, 2025 Hearing Tr. 9:14–24.)  The parties engaged in settlement discussions and, on October 31, 2025, the parties entered into an agreement that, subject to the satisfaction of specified contingencies including this Court's entry of the parties' Proposed Modified Injunction, would resolve the disputes between the parties, including the dispute that is the subject of this action.

This case is currently in the midst of discovery.  Extensive fact and expert discovery work is slated to take place over the coming weeks.  Specifically, under the current schedule, between now and year end, the parties will be completing party and third-party document discovery, conducting all fact depositions, and filing their opening expert reports.  As detailed in the parties' recent Joint Status Conference Statement, there are currently several motions and discovery-related requests pending before this Court, including:  Google's motion to dismiss the action; discovery disputes concerning Google's search protocol, the substantial completion of Google's document productions, the production of privilege logs and Epic's amended initial disclosures; and the parties' joint request to modify certain interim deadlines in the Court-ordered schedule. (*See* Dkt. Nos. 110, 121.)  If the Settlement becomes effective, Epic will dismiss this case in its entirety, with prejudice, rendering the Court's adjudication of these issues unnecessary.

1

**ARGUMENT**

2      "[T]he power to stay proceedings is incidental to the power inherent in every court to

3   control the disposition of the causes on its docket with economy of time and effort for itself, for

4   counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which

5   must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S.

6   248, 254–55 (1936).

7      Courts weigh three factors when determining whether to grant a stay:  "(1) the possible

8   damage which may result from the granting of a stay, (2) the hardship or inequity which a party

9   may suffer in being required to go forward, and (3) the orderly course of justice measured in

10  terms of the simplifying or complicating of issues, proof, and questions of law which could be

11  expected to result from a stay."  *Christensen v. CLP Res., Inc.*, No. CV 14-8073, 2015 WL

12  13764185, at *2 (C.D. Cal. Nov. 16, 2015) (quoting *Salinas v. City of San Jose*, No. 5:09-CV-

13  04410 EJD, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012)).  The parties agree that all three

14  factors are met and that a stay should be issued pending this Court's resolution of the Motion to

15  Modify the Injunction.

16  **I.    No Harm Will Result From the Proposed Stay.**

17     Absent a showing of harm to either party—*i.e.*, prejudice—the grant of a stay motion is

18  favored.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962) (finding that the district

19  court did not abuse its discretion by granting a stay where there was no showing of irreparable

20  harm); *see also Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903, 2007 WL 163196 (N.D. Cal.

21  Jan. 19, 2007) (granting a stay where there was no prejudice to the plaintiff); *In re JPMorgan

22  Chase LPI Hazard Litig.*, No. C-11-03058, 2013 WL 3829271, at *4–5 (N.D. Cal. July 23, 2013)

23  (granting a stay where settlement in another case would resolve the claims in the current case and

24  where plaintiffs did not present evidence that they may be prejudiced by a stay).  That

25  presumption is particularly strong where, as here, the parties are *jointly* seeking a stay.  *See, e.g.*,

26  *Thomas v. Costco Wholesale Corp.*, No. 12-CV-02908-BLF, 2015 WL 6674696, at *2 (N.D. Cal.

27  Nov. 2, 2015) (holding that plaintiff's non-opposition to a defendant's motion for a stay indicated

28  a stay "will not cause harm" and "weigh[ed] in favor of a stay"); *see also Cadena v. Customer

*Connexx LLC*, No. 2:18-CV-00233-APG-DJA, 2024 WL 6466912 (D. Nev. Sept. 11, 2024) (granting the parties' joint motion to stay action pending settlement approval).

Moreover, courts recognize that a stay often promotes settlement, whereas the absence of a stay may harm settling parties because continued litigation may risk disrupting a settlement. *See, e.g.*, *Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1128 (D. Or. 2019) ("If this litigation continues, it could potentially disrupt or even derail the ongoing settlement process."); *Edmo v. Idaho Dep't of Corr.*, No. 1:17-CV-00151-BLW, 2022 WL 17975984, at *8 (D. Idaho Dec. 28, 2022) ("[A] temporary stay would promote settlement efforts."); *Bio Energy (Washington), LLC v. King Cnty.*, *Washington*, No. 2:23-CV-00542-LK, 2025 WL 961632, at *1 (W.D. Wash. Mar. 31, 2025) ("A stay to allow [the process of consummating a settlement] to occur will not cause any damage, nor any hardship or inequity to any party, and will promote the orderly course of justice.").  That is certainly true here; whereas a stay would maximize the chances of the settlement being consummated, ongoing litigation— including the prospect of each party taking the deposition of some of the other party's top executives—could potentially complicate the settlement or even derail it.

## II.    The Parties Would Face Hardship if the Case Proceeds.

"Where a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot", a stay is appropriate.  *See Vance v. Google LLC*, No. 5:20-CV-04696, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021) (internal quotation marks omitted); *see also Christensen*, 2015 WL 13764185, at *3–4 ("Allowing Plaintiff[s] to proceed to class discovery in this case when . . . settlement[s] potentially barring [their] class action [are] pending would waste judicial resources and require Defendant[s] to expend significant effort." (quoting *Meints v. Regis Corp.*, No. 09-CV-2061, 2010 WL 3058300, at *3 (S.D. Cal. Aug. 2, 2010))). Courts routinely recognize that a stay pending the resolution of a settlement is appropriate.  *See In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 ("A stay will allow both parties to conserve their resources should a settlement in [the other case] be finalized.").

Proceeding with this litigation while a final, binding resolution is pending approval by the Court will cause the parties and the Court to needlessly expend substantial resources.  If the

1  current matter is *not* stayed, the parties face a case schedule with fast-approaching deadlines,

2  requiring the parties to complete document discovery in short order, conduct multiple party and

3  third-party depositions and prepare opening expert reports.  (Dkt. No. 72.)  Proceeding on the

4  current schedule would thus require the parties, as well as the Court and third parties, to expend

5  significant effort and resources on a matter that may soon be resolved.

6  **III.    Granting a Stay Promotes the "Orderly Course of Justice".**

7          Courts have held that a stay pending settlement furthers the interests of judicial economy

8  and results in the "orderly course of justice measured in terms of the simplifying . . . of issues,

9  proof, and questions of law which could be expected to result from a stay".  *Christensen*, 2015

10  WL 13764185, at *2.  Typically, a court may "find it is efficient for its own docket and the fairest

11  course for the parties to enter a stay of an action before it, pending resolution of independent

12  proceedings which bear upon the case".  *Ensambles Hyson, S.A. de C.V. v. Sanchez*, No. 23-CV-

13  1887, 2024 WL 3467349, at *2 (S.D. Cal. July 19, 2024) (quoting *Leyva v. Certified Grocers of

14  Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).  Indeed, granting such a stay ensures a court does

15  not "expend[] unnecessary judicial resources on mooted issues".  *Vance*, 2021 WL 534363, at *6;

16  *see also Pac. Structures, Inc. v. Greenwich Ins. Co*., No. 21-CV-04438-HSG, 2022 WL 2673087,

17  at *2 (N.D. Cal. June 15, 2022) (finding that a stay would "serve the orderly course of justice"

18  where it promotes judicial efficiency).

19          It is undeniable that granting a stay here would conserve judicial resources.  Already, the

20  Court faces a pending motion to dismiss Epic's First Amended Complaint, several discovery

21  disputes and a joint request to modify certain interim deadlines.  (*See* Dkt. Nos. 98, 110, 116,

22  121.)  The Court's adjudication of these issues may be unnecessary if the Motion to Modify the

23  Injunction is granted.  Staying this case in the meantime would "lessen[] the hardship and costs

24  for both sides." *Robledo v. Randstad US, L.P.*, No. 17-CV-01003, 2017 WL 4934205, at *5

25  (N.D. Cal. Nov. 1, 2017).  Granting a stay here therefore "would best promote the interests of

26  securing a just, speedy, and inexpensive determination of the action." *Polus v. Radel*, No. 25-

27  CV-542, 2025 WL 1361483, at *1 (S.D. Cal. May 9, 2025) (citing Fed. R. Civ. P. 1); *see also In*

28  *re JPMorgan Chase LPI Hazard Litig*., 2013 WL 3829271 at *5 ("[A] stay is in the interest of

judicial economy because a settlement in [the other case] will obviate any further litigation of issues in this case."); *Christensen*, 2015 WL 13764185, at *3 (finding that a stay is warranted when pending settlements would resolve and dispose of the plaintiffs' claims).

### CONCLUSION

The parties wish to resolve this matter efficiently and promptly. Given the binding agreement between the parties to dismiss this action if the Settlement becomes effective, this action should be stayed pending resolution of the Motion to Modify the Injunction.

1

2

*Dated:* November 4, 2025

3

 */s/ Yonatan Even*                                              */s/ Jeannie S. Rhee*

4

Shaneeda Jaffer (SBN 253449)                    Jeannie S. Rhee (*pro hac vice*)
sjaffer@beneschlaw.com                              Karen L. Dunn (*pro hac vice*)

5

Lily A. North (CA 260709)                           Jessica E. Phillips (*pro hac vice*)
lnorth@beneschlaw.com                               Martha L. Goodman (*pro hac vice*)

6

BENESCH FRIEDLANDER COPLAN &         DUNN ISAACSON RHEE LLP
ARONOFF LLP                                                 401 Ninth Street, NW

7

100 Pine Street, Suite 3100                           Washington, DC 20004

8

San Francisco, California                               Telephone: (202) 240-2900
Telephone: (628) 600-2250                           kdunn@dirllp.com

9

Facsimile: (628) 221-5828                             jrhee@dirllp.com
                                                                      jphillips@dirllp.com

10

Gary A. Bornstein (*pro hac vice*)                mgoodman@dirllp.com
gbornstein@cravath.com

11

Yonatan Even (*pro hac vice*)                       Meredith R. Dearborn (SBN 268312)
yeven@cravath.com                                       DUNN ISAACSON RHEE LLP

12

Lauren A. Moskowitz (*pro hac vice*)          345 California Street
lmoskowitz@cravath.com                             San Francisco, CA 94104

13

Michael J. Zaken (*pro hac vice*)                  Telephone: (202) 240-2900
mzaken@cravath.com                                    mdearborn@dirllp.com

14

CRAVATH, SWAINE & MOORE LLP

15

Two Manhattan West                                     *Counsel for Google LLC*
375 Ninth Avenue

16

New York, New York 10001

17

Telephone: (212) 474-1000
Facsimile: (212) 474-3700

18

19

*Counsel for Plaintiff Epic Games, Inc.*

20

21

22

23

24

25

26

27

28

1

## E-FILING ATTESTATION

2

    I, Yonatan Even, am the ECF User whose ID and password are being used to file this

3

document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4

signatories identified above has concurred in this filing.

5

6

                        */s/ Yonatan Even*

7

                        Yonatan Even

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT NOTICE OF MOTION AND MOTION TO STAY ACTION
Case No. 3:24-cv-06843-JD