# Dunn Isaacson Rhee

November 26, 2025

The Honorable James Donato
United States District Court for the Northern District of California

Re: *Epic Games, Inc. v. Samsung Electronics Co. Ltd. et al.*, No. 3:24-cv-06843-JD

Your Honor,

      Defendant Google LLC ("Google") respectfully seeks leave to file this response to Epic Games, Inc.'s ("Epic") November 25 letter (Dkt. 135), filed just before the Thanksgiving holiday, to correct and clarify Google's position, which Epic has gravely mischaracterized. Contrary to Epic's assertion that "Google advised Epic that Google does not intend to complete document productions by December 5, 2025, in violation of the Court's specific order that it do so," Google intends to comply with the Court's December 5, 2025, production completion deadline. The parties' dispute is over the date by which they will exchange privilege logs, for which there is no governing order. Google intends to meet the parties' previously-agreed upon deadline of January 5, 2025, to serve its privilege log, and respectfully requests the Court enter the parties' proposed case schedule (Dkt. 121) with the adjustments discussed during the November 6 hearing.

    I.    **The Court Has Not Set a Privilege Log Deadline**.

      Epic's letter attempts to impose on Google an unreasonable and unnecessary date for the exchange of privilege logs a full month prior to the date by which the parties had previously agreed to make the exchange. But nothing in the Court's standing orders, the Court-ordered ESI Stipulation (Dkt. 83), the Court's previously-entered case schedule (Dkt. 72), or the Court's remarks at the November 6, 2025, hearing requires a specific date for the exchange of privilege logs.

      *First*, the original Scheduling Order (Dkt. 72) and the Stipulated Order Re: Discovery of Electronically Stored Information (Dkt. 84) are the only orders issued by the Court that govern the exchange of privilege logs. The ESI Stipulation states that "[a]ll privilege logs will be exchanged *promptly after* any Court ordered completion date for party document production." Dkt. 84 (emphasis added). Epic's letter brief fails to mention the Court-ordered ESI Stipulation. The Court has now set a December 5 completion date for party document production, and the operative Court orders establish that "privilege logs will be exchanged promptly" after that date.

      *Second*, the parties jointly petitioned the Court on October 30, 2025, to modify the case schedule. Dkt. 121. This joint proposal explicitly set Monday, January 5, 2026, as the deadline to exchange privilege logs. This date was proposed because completing the complex privilege review and logging process by the original fact discovery cutoff (December 12, 2025) was not feasible. Epic asserts that the Court somehow rejected the parties proposed date for the exchange of privilege logs. But the Court did not mention the exchange of privilege logs during the November 6 hearing, and by their nature, privilege logs are different from completion of party document productions. Privilege logs identify documents that are being fully withheld from the locus of the party's production. Epic's request that Google produce its privilege log—a document reflecting the culmination of the privilege review—on the same date as the production cutoff itself would render

the privilege log process overly compressed and prone to error.[1]

**Third**, the Court's ruling on November 7, 2025, confirmed the modification of the scheduling dates consistent with the parties joint proposal "with adjustments as discussed on the record." Dkt. 125, Minutes Order at 3. **At no point "on the record" of the November 6, 2025, hearing did the Court ever address the issue of privilege logs**. *See* Nov. 6, 2025 Hr'g Tr.

II. **Google Will Complete Document Production by December 5, 2025.**

Google is actively working to meet the Court's directive that December 5, 2025 should serve as the completion date for party document production. Epic's assertion that Google has refused to commit to this date is inaccurate.

During the parties' November 24, 2025, meet and confer, Google advised Epic that we anticipate completing the production of non-privileged documents by December 5 2025. We also confirmed that the limited materials outstanding after that date would consist of documents downgraded during Google's privilege log quality-checks and completion; and any responsive hyperlinked Google Drive files requested by Epic that necessarily had to be collected, reviewed and produced only after being requested by Epic.

Moreover, since the November 6, 2025, hearing, Epic has served additional, new discovery requests, the response deadline for is *after* December 5, 2025. Epic should not be permitted to serve document requests on Google that have a response deadline after December 5 while simultaneously demanding no documents be produced after December 5.[2]

III. **Conclusion**

Google is adhering to the deadlines that the Court has set, including the December 5, 2025, party document production deadline. Pursuant to the Court-ordered ESI Protocol, the exchange of privilege logs must occur after this completion date. The parties jointly requested January 5, 2026, for this exchange, which is consistent with the ESI Stipulation. Google respectfully requests that the Court issue a scheduling order that confirms the parties agreed-upon date for the exchange of privilege logs on January 5, 2026

Respectfully submitted,

*/s/ Jeannie S. Rhee*
Jeannie S. Rhee (*pro hac vice*)
jrhee@dirllp.com

---

[1] Epic itself has tacitly acknowledged this: it claimed that its initial document production was substantially complete in mid-October, and they recognized the complexity of privilege review by proposing to exchange their own logs nearly a month later. Google's intention to exchange privilege logs on January 5, 2026 simply follows the same cadence, given the since-ordered December 5, 2025 deadline.

[2] Similarly, Epic has indicated it intends to make *additional* hyperlink requests after December 5–the production of which necessarily will have to come after December 5.

2

        Karen L. Dunn (*pro hac vice*)
        kdunn@dirllp.com
        Jessica E. Phillips (*pro hac vice*)
        jphillips@dirllp.com
        Martha L. Goodman (*pro hac vice*)
        mgoodman@dirllp.com
        DUNN ISAACSON RHEE LLP
        401 Ninth Street, NW
        Washington, DC 20004
        Telephone: (202) 240-2900

        Meredith R. Dearborn (SBN 268312)
        mdearborn@dirllp.com
        DUNN ISAACSON RHEE LLP
        P.O. Box 15093
        San Francisco, CA 94115-0093
        Telephone: (202) 240-2900

        *Counsel for Defendant Google LLC*

Attn:
    The Honorable Judge James Donato
    United States District Court
    Office of the Clerk
    450 Golden Gate Avenue, 16th Floor
    San Francisco, CA 94102

VIA ECF

## **E-FILING ATTESTATION**

      I, Jeannie S. Rhee, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                                        */s/ Jeannie S. Rhee*
                                        Jeannie S. Rhee